UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAFUS BOYD, | ) | 1:07CV2662 |
| | ) | |
| Petitioner | ) | JUDGE PETER ECONOMUS |
| | ) | (Magistrate Judge Kenneth S. McHargh) |
| v. | ) | |
| | ) | |
| GERALD McFAUL, | ) | |
| Sheriff, | ) | |
| | ) | |
| Respondent | ) | REPORT AND RECOMMENDED |
| | ) | DECISION OF MAGISTRATE JUDGE |

McHARGH, MAG. J.

The petitioner, Jafus Boyd ("Boyd"), has filed pro se a petition for a writ of habeas corpus arising out of his pre-trial detention on assault charges in the Cuyahoga County, Ohio, Detention Center. (Doc. 1.) The petition is based on three grounds, and seeks to dismiss the criminal charges against him:

1. Motion to dismiss: Speedy trial – ORC §§ 2945.71 - 2945.73 et seq. (denial of trial).

2. Same as [above]: Illegal process of service Crim. R. 4 and Crim. R. 46.

3. Same as [above]: Ineffective assistance of defense counsel.

(Doc. 1, at §§ 12.A.-12.C.)

The respondent has moved to dismiss the petition, on the basis that Boyd has failed to exhaust his state court remedies. The respondent points out that Boyd filed a motion in the state court to dismiss the charges on speedy trial grounds on Dec. 26, 2007, and that motion has not been ruled upon yet. (Doc. 10, at 4-5, and

RX 3.) Further, the respondent argues that the state court has set a trial date for January 2008. Id. at 5.

Boyd has erroneously filed his petition under 28 U.S.C. § 2254. (Doc. 1, caption.) A petition under Section 2254 is only appropriate where the petitioner is "in custody pursuant to a state court judgment." Atkins v. Michigan, 644 F.2d 543, 546 n.1 (6th Cir.), cert. denied, 452 U.S. 964 (1981); Roth v. McGuire, No. 1:06CV2733, 2007 WL 315766, at *2 (N.D. Ohio Jan. 30, 2007) (quoting 28 U.S.C. § 2254(a)). Boyd is in pre-trial custody, and has not yet been convicted of any charge.

However, Boyd has filed his petition pro se, and the pleadings of a petition drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed. Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir. 2001) (citing Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972) (per curiam)).

A defendant who is in pretrial detention may file a petition for a writ of habeas corpus under 28 U.S.C. 2241. Atkins, 644 F.2d at 546 n.1; Cheek v. LaManna, 98 F.Supp.2d 916, 918 (N.D. Ohio 2000), aff'd, 2001 WL 1012602 (6th Cir. Aug. 22, 2001); Roth, 2007 WL 315766, at *2. Because Boyd is proceeding pro se, the court will consider his petition under Section 2241.

A prisoner held under state authority is not generally discharged by a federal writ of habeas corpus "in advance of any proceedings or trial in the courts of the state to test the validity of his arrest and detention." Veach v. Smith, 42 F.Supp. 161, 162 (M.D. Pa. 1941). Federal courts should abstain from the exercise of

2

Section 2241 habeas jurisdiction "if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." Atkins, 644 F.2d at 546. Abstention from the exercise of habeas jurisdiction is justified under the doctrine of comity, and the practice of "exhaustion of state remedies has developed to protect the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes." Id. The constitutional right to a speedy trial does not generally qualify as a special circumstance which eliminates the exhaustion requirement. Dickerson v. State of La., 816 F.2d 220, 227 (5th Cir. ), cert. denied, 484 U.S. 956 (1987).

Federal courts routinely reject petitions for pretrial habeas relief, with two important exceptions. In re Justices of Superior Court Dept. of Massachusetts Trial Court, 218 F.3d 11, 17 -18 (1st Cir. 2000). "A claim that a state prosecution will violate the Double Jeopardy Clause presents an exception to the general rule of Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), [which requires] federal courts to abstain from interfering with pending state criminal proceedings." Mannes v. Gillespie, 967 F.2d 1310, 1312 (9th Cir. 1992), cert. denied, 506 U.S. 1048 (1993). See also Justices of Superior Court, 218 F.3d at 18-19 (double jeopardy exception).

The second, more relevant, exception involves "certain speedy trial claims." Justices of Superior Court, 218 F.3d at 19. Federal courts distinguish between relief which would dismiss a state court case on speedy trial grounds, as Boyd

3

requests here, and an order requiring a prompt state trial.  <u>Atkins</u>, 644 F.2d at 546.
In other words, a distinction is drawn between "a defendant disrupting the orderly
functioning of a state's judicial processes as opposed to enforcing his right to have
the state bring him promptly to trial."  <u>Dickerson</u>, 816 F.2d at 227.

A request that the state be ordered to grant a defendant a speedy trial may
be granted, under the proper circumstances, provided that the defendant has
exhausted his available state remedies on the issue.  <u>Justices of Superior Court</u>, 218
F.3d at 18 n.5; <u>Dickerson</u>, 816 F.2d at 228; <u>Gibson v. Klevenhagen</u>, 777 F.2d 1056,
1058 (5th Cir. 1985); <u>Atkins</u>, 644 F.2d at 546-547 (citing <u>Braden v. 30th Judicial
Circuit Court of Kentucky</u>,  410 U.S. 484 (1973)).  <u>See generally</u> <u>Roth</u>, 2007 WL
315766, at *5 (even under Section 2241, exhaustion required as a matter of comity).

On the other hand, a request to dismiss the charges before trial, or before any
state adjudication on the alleged speedy trial violation, involves the comity
considerations which underlie the doctrine of exhaustion.  Such a petition may be
characterized as an "effort to abort a state proceeding or to disrupt the orderly
functioning of state judicial processes," or "an attempt to litigate constitutional
defenses prematurely in federal court."  <u>Braden</u>, 410 U.S. at 491, 493.

As discussed earlier, requiring the exhaustion of state remedies is intended
to protect the state courts' opportunity to resolve constitutional issues and to limit
federal interference in state judicial proceedings.  <u>Atkins</u>, 644 F.2d at 546.  These
considerations are "especially forceful in a situation involving a speedy trial claim."
<u>Id.</u>  The state court may rule in the defendant's favor on his speedy trial motions, or

4

a trial may lead to acquittal for the defendant.  See generally Justices of Superior Court, 218 F.3d at 17-18 (citing cases).  "This court is not at liberty to presume that the decision of the state court would be otherwise than is required by the fundamental law of the land."  Veach, 42 F.Supp. at 162.

Boyd has not exhausted his available state remedies.  Boyd, through counsel, has filed a motion in the trial court to dismiss the indictment on speedy trial grounds.  (Doc. 10, RX 3.)  The state court has not had the opportunity to rule on this motion.  In addition, the state court has set a trial schedule for mid-January 2008.  (Doc. 10, at 5.)

<u>RECOMMENDATION</u>

It is recommended that the petition be dismissed.

Dated:   Jan. 16, 2008                          /s/ Kenneth S. McHargh
                                                Kenneth S. McHargh
                                                United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

5